**In the United States District Court**
**Eastern District of Missouri**
**Eastern District**

| | | |
|---|---|---|
| Earnie Bradley, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.4:23-cv-01470-JAR |
| | ) | |
| IBEW Local No. 1, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT**
**SEX DISCRIMINATION UNDER TITLE VII**

COMES NOW Plaintiff Earnie Bradley, by and through counsel, and

for her cause of action against Defendant International Brotherhood of Elec-

trical Workers Local No. 1 ("IBEW"), states and alleges as follows:

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Ti-

tle I of the Civil Rights Act of 1991 to correct unlawful employment practices

on the basis of sex, and to provide appropriate relief to Earnie Bradley. As

alleged with greater particularity below, Plaintiff alleges that Defendant

IBEW discriminated against Bradley because of her sex, female, by subject-

ing her to a sexually hostile work environment.  Plaintiff alleges that IBEW

violated Title VII in its capacity as a labor organization which is explicitly

1

prohibited from discriminating against individuals on the protected basis of sex.

## JURISDICTION AND VENUE

1.  This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343.

2.  Venue is proper because the unlawful acts alleged in this Complaint were committed within the jurisdiction of the United States District Court, Eastern District of Missouri, Eastern Division.

## PARTIES

3.  Plaintiff is a female citizen of the United States and the state of Missouri.  She is a resident of the Eastern District of Missouri.

4. Defendant is a labor organization who, at all relevant times, was authorized to do business within the Eastern District of Missouri.

5. At all material times to this action, Defendant has continuously been a labor organization engaged in an industry affecting commerce under §§ 701(d), (e), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(d), (e), (g) and (h).

6.  Defendant has employed fifteen (15) or more employees for each working day of twenty or more calendar weeks.

7.  IBEW is a certified collective bargaining representative and labor organization for over five-thousand members.

8. IBEW represents unionized workers employed by Sachs Electric at its facility where the new National Geo-Spatial Agency West campus is under construction in St. Louis.

9. The IBEW represents these workers with respect to their wages, hours, and other terms and conditions of employment, such as workplace disputes, contract negotiations, and disciplinary proceedings.

## ADMINISTRATIVE PROCEDURES

10. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about August 19, 2023.

11. Thereafter, Plaintiff was issued a "Notice of Right to Sue" from the EEOC on August 22, 2023, and she has initiated this action within ninety (90) days of receipt thereof.

## FACTS COMMON TO ALL COUNTS

12. IBEW has engaged in unlawful employment practices based on sex in violation of Section 703(c)(1) of Title VII, 42 U.S.C. § 2000e-2(c)(1), by creating a hostile work environment for Bradley because of her sex.

13. Defendant holds itself out to the public as an equal opportunity labor organization committed to the letter and spirit of all laws and regulations that govern the workplace.

14.  Defendant failed to provide training and guidance to its managers regarding compliance with anti-discrimination laws and regulations, specifically as it regards the prevention of sexual harassment in the workplace.

15.  Plaintiff is an Electrical Apprentice of Defendant who was hired by IBEW as a probationary apprentice in January 2019.  Plaintiff was assigned to work at Sachs Electric in 2021.

16.  Defendant held a retirement party for Gary Kiel in May 2022 at the IBEW union hall.  During the party, Michael Cleveland hugged and kissed me on the cheek without my permission.  I froze because I did not know how to react.  A journeyman at the party whose name I believe is Mark saw what happened.  I did not report the incident that evening.

17.  Over the next couple of weeks, what happened kept eating away at Plaintiff in part because of a conversation she had with Dayna Susek. Plaintiff had gone to talk with her for advice about what had happened at the retirement party.  Susek said she was hoping you wouldn't say that name. Plaintiff decided she had to report it to the IBEW local so it could be addressed because Susek told her that family was known for that behavior. Bradley went to Mike Newton, who is the Business Agent for Defendant, and reported the incident.

18.  Newton urged Plaintiff to file a report with the police department because he told her there was "not much the local" could do if she filed a charge with the IBEW.

19.  Newton later told Plaintiff that he spoke with Cleveland and that Cleveland denied hugging and kissing Plaintiff.  Cleveland asked Newton if he should apologize to Plaintiff and Newton told Cleveland to just leave it alone.  After that conversation with Newton, he never spoke with Plaintiff again about the complaint she made.

20. Plaintiff participated in activities sponsored by Defendant through volunteering in the RENEW committee of Defendant that focuses on community service events and relief efforts and the Electrical Workers Minority Caucus ("EWMC") Chapter of Defendant.

21.  On January 11, 2023, Plaintiff attended an EWMC conference in Denver, Colorado.  Plaintiff's transportation and hotel expenses were paid for by Defendant.  Plaintiff attended the conference with several other IBEW Local 1 union members.

22.  Sylvester Taylor, Defendant IBEW Local 1 Officer and a leader in the EWMC Chapter in St. Louis, was the chaperone for the IBEW Local 1 delegation that attended the EWMC conference in Denver, Colorado.

23.  While at the conference, Plaintiff visited the Higher Level Health Dispensary with other IBEW Local 1 members.  When Plaintiff exited the Higher Level Health Dispensary with other union members, Jon Hendrix, a fellow Electrical Apprentice, grabbed Plaintiff's right buttock as they walked out of the door.  Hendrix immediately ran off.

24.  Plaintiff ran after Hendrix and caught him.  Plaintiff asked Hen-

5

drix, "Are we doing this?".

25.  Hendrix responded, "You had it hanging out," while laughing.

26.  Plaintiff was shocked.   As this was the second time she had experienced inappropriate touching by a fellow union member, she suppressed her emotional reaction and walked away.  She did not want to react for fear of being stereotyped without the proper context -- as she did not believe anyone saw Hendrix grab her without permission, which was offensive and unwelcome conduct.

27.  Tiffany Jones and Shondra Adams were with Plaintiff at the dispensary and were waiting for a ride share to come pick up the three of them and take them back to the hotel.  When Plaintiff got in the ride, she told them what had just happened.  Both told Plaintiff that she needed to address this directly with Hendrix so that it doesn't happen again.  Plaintiff responded that she was too emotional to do so at the dinner that evening for the EWMC chapter.

28.  The following morning, Plaintiff was at a continental breakfast with the EWMC chapter and told Hendrix in front of the group that what he did was an assault, and it wasn't right.

6

## COUNT I
## TITLE VII
## SEXUALLY HOSTILE WORK ENVIRONMENT
42 U.S.C. § 2000e-2(c)

29.  The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

30.  At all relevant times, IBEW engaged in an unlawful employment practice as prohibited by Section 703(c)(1) of Title VII, 42 U.S.C. § 2000e-2(c)(1).

31.   At all relevant times, Hendrix was an agent for IBEW.

32. IBEW subjected Plaintiff to a sexually hostile work environment.

33.  The sexually abusive conduct described above were unwelcome to Plaintiff.

34. The sexually abusive conduct and comments described above had the purpose or effect of unreasonably interfering with Plaintiff's work performance or creating an intimidating, hostile, or offensive working environment for Plaintiff.

35. The sexually abusive conduct and comments described above were sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment as this was the second time Plaintiff had experienced an inappropriate touching from an IBEW Local 1 member, and it caused Plaintiff to stop volunteering in the RENEW committee of Defendant that focuses on

7

community service events and relief efforts and the EWMC Chapter of Defendant.

36. Prior to Hendrix's sexual harassment on Plaintiff on January 11, 2023, sexually inappropriate and abusive conduct toward women was known or should have been known to IBEW based on prior complaints of sexual harassment by members engaging in such conduct towards women.

37. IBEW failed to take appropriate steps to prevent Hendrix from engaging in sexually abusive or inappropriate conduct toward women.

38. IBEW failed to take appropriate steps to prevent Hendrix from creating a sexually hostile work environment for Plaintiff.

39. IBEW failed to take appropriate steps to remedy the sexually hostile work environment it imposed on Plaintiff.

40. The effect of the practices complained of in the paragraphs above has been to inflict emotional pain, suffering, and inconvenience upon Plaintiff and may have deprived her of financial and other benefits of her employment with Sachs Electric.

41. The unlawful employment practices complained of in the forgoing paragraphs were intentional.

42.  The unlawful employment practices complained of in the forgoing paragraphs were done with malice or reckless indifference to Plaintiff's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining IBEW, its officers, agents, servants, employees, successors, assigns and all persons in active concert or participation with IBEW, from engaging in any employment practice that discriminates on the basis of sex;

B. Order IBEW to institute and carry out policies, practices, procedures, and annual training that prevent its officers, agents, and members from engaging in sexual harassment or sex discrimination against any individual in the workplace or at any union-sanctioned event;

C. Order IBEW to make Plaintiff whole by providing any appropriate back-pay and lost benefits with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D. Order IBEW to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to medical expenses, in amounts to be determined at trial;

9

E. Order IBEW to make Plaintiff whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial;

F. Order IBEW to pay Plaintiff punitive damages for its malicious or reckless conduct described in the paragraphs above, in amounts to be determined at trial;

G. Grant such further relief as this Court deems necessary and proper in the public interest, and

H. Award Plaintiff her costs and attorneys' fees as the prevailing party of this action.

Respectfully submitted,

**CRONE LAW FIRM PLC**

By: _____
Matthew J. Ghio          #44799MO
3115 S. Grand, Suite 500
St. Louis, Missouri 63118
(314) 707-5853
(314) 732-1404 (fax)
Attorneys for Plaintiff
mghio@cronelawfirmplc.com

10

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 25th of April, 2024, the foregoing First Amended Complaint was served on all counsel of record via email service or service via the CM/ECF system to the following:

Loretta K. Haggard
Brady L. Root
Schuchat, Cook & Werner
555 Washington Ave., Suite 520
St. Louis, Mo 63101

_Matthew J Ghio_
_____