# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EARNIE BRADLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23-cv-01470-JAR |
| ) | |
| INTERNATIONAL BROTHERHOOD OF ) | |
| ELECTRICAL WORKERS, LOCAL 1 ) | |
| ) | |
| Defendant. ) | |

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant International Brotherhood of Electrical Workers, Local 1 (hereafter "IBEW Local 1" or "Union"), by and through Counsel, and files its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint.

## ANSWER

### Nature of the Action

**This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Earnie Bradley.  As alleged with greater particularity below, Plaintiff alleges that Defendant IBEW discriminated against Bradley because of her sex, female, by subjecting her to a sexually hostile work environment.  Plaintiff alleges that IBEW violated Title VII in its capacity as a labor organization which is explicitly prohibited from discriminating against individuals on the protected basis of sex, in part, because it has failed to educate and train its members regarding sexual harassment in the workplace.**

RESPONSE:  Defendant admits that Plaintiff has filed this action pursuant to Title VII. Defendant admits that Plaintiff alleges that Defendant failed to train its members regarding sexual harassment in the workplace.  Defendant denies that it failed to train its members regarding sexual harassment in the workplace.  Defendant denies that it violated Title VII in any respect.

## Jurisdiction and Venue

**1.     This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343.**

RESPONSE:  Defendant admits that Plaintiff purports to bring this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  Defendant denies that the Court has jurisdiction over this action under 42 U.S.C. § 2000e-2(a)(1) of Title VII, which applies to employers.  Defendant admits, however, that the Court has jurisdiction over this action under 42 U.S.C. § 2000e-2(c)(1), applicable to labor organizations (which section Plaintiff invokes in paragraph 12 of her Complaint), and 42 U.S.C. § 1343.

**2.     Venue is proper because the unlawful acts alleged in this Complaint were committed within the jurisdiction of the United States District Court, Eastern District of Missouri, Eastern Division.**

RESPONSE:  Defendant admits that at least some of the acts alleged in this Complaint took place in this jurisdiction, and admits that venue is proper in this jurisdiction.

## Parties

3.     **Plaintiff is a female citizen of the United States and the state of Missouri. She is a resident of the Eastern District of Missouri**

RESPONSE:  Defendant admits that Plaintiff is a female citizen of the United States and that at the times relevant to this Complaint, she was a resident of the State of Missouri and the Eastern District of Missouri.  Defendant lacks sufficient information to admit or deny Plaintiff's current residence, and therefore denies the same.

4.     **Defendant is a labor organization who, at all relevant times, was authorized to do business within the Eastern District of Missouri.**

RESPONSE:  Admit.

5.     **At all material times to this action, Defendant has continuously been a labor organization engaged in an industry affecting commerce under §§ 701(d), (e), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(d), (e), (g) and (h).**

RESPONSE:  Admit.

6.     **Defendant has employed fifteen (15) or more employees for each working day of twenty or more calendar weeks.**

RESPONSE:  Defendant admits that it employs fifteen or more employees for each working day of twenty or more calendar weeks, but denies that Plaintiff is or was one of those employees.

7.     **IBEW is a certified collective bargaining representative and labor organization for over five-thousand members.**

RESPONSE:  Defendant admits that IBEW Local 1 is a labor organization that is the certified collective bargaining representative of electrical workers employed by a number of

3

employers. Defendant denies that IBEW Local 1 has over five-thousand members, but admits that IBEW Local 1 has just under five-thousand members.

8. **IBEW represents unionized workers employed by Sachs Electric at its facility where the new National Geo-Spatial Agency West campus is under construction in St. Louis.**

RESPONSE:  Defendant admits that IBEW Local 1 is the exclusive bargaining representative of workers employed by Sachs Electric, including workers assigned to the construction of the National Geospatial Agency West Campus in St. Louis.

9. **The IBEW represents these workers with respect to their wages, hours, and other terms and conditions of employment, such as workplace disputes, contract negotiations, and disciplinary proceedings.**

RESPONSE:  Admit.

**Administrative Procedures**

10. **Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about August 19, 2023.**

RESPONSE:  Defendant is without sufficient information to admit or deny that Plaintiff filed a timely EEOC Charge on or about August 19, 2023, and therefore denies the same. Defendant admits only that on August 22, 2023, it received a Notice of Right to Sue from the EEOC stating that Plaintiff had filed a Charge on an unspecified date (which Charge has never been provided to Defendant) and that the EEOC would not proceed further with the investigation.

11. **Thereafter, Plaintiff was issued a "Notice of Right to Sue" from the EEOC on August 22, 2023, and she has initiated this action within ninety (90) days of receipt thereof.**

4

RESPONSE:  Defendant admits that the EEOC issued a "Notice of Right to Sue" on August 22, 2023, and admits that this action was filed within ninety (90) days thereafter.

### Facts Common to All Counts

12. **IBEW has engaged in unlawful employment practices based on sex in violation of Section 703(c)(1) of Title VII, 42 U.S.C. § 2000e-2(c)(1), by creating a hostile work environment for Bradley because of her sex.**

RESPONSE:  Deny.

13. **Defendant holds itself out to the public as an equal opportunity labor organization committed to the letter and spirit of all laws and regulations that govern the workplace.**

RESPONSE:  Admit.

14. **Defendant failed to provide training and guidance to its managers and members regarding compliance with anti-discrimination laws and regulations, specifically as it regards the prevention of sexual harassment in the workplace.**

RESPONSE:  Deny.

15. **Plaintiff is an Electrical Apprentice of Defendant who was hired by IBEW as a probationary apprentice in January 2019. Plaintiff was assigned to work at Sachs Electric in 2021.**

RESPONSE:  Defendant admits that Plaintiff is an Electrical Apprentice who is enrolled in the St. Louis Electrical Industry Training Center, also known as the St. Louis Joint Apprenticeship Training Center ("JATC"), which is jointly administered by Defendant and the St. Louis Chapter of the National Electrical Contractors Association ("NECA").  The JATC and the Union are separate entities.  Defendant admits that Plaintiff enrolled in the JATC in January 2019. Defendant denies that Plaintiff is an Electrical Apprentice "of" Defendant or that Plaintiff was ever

5

"hired by IBEW" as a probationary apprentice or in any other capacity.  Defendant admits that the JATC referred Plaintiff to Sachs Electric, and she started working there in 2021.

**16.     Defendant held a retirement party for Gary Kiel in May 2022 at the IBEW union hall on Elizabeth Ave in the City of St. Louis. During the party, Michael Cleveland hugged and kissed me on the cheek without my permission. I froze because I did not know how to react. A journeyman at the party whose name I believe is Mark saw what happened. I did not report the incident that evening.**

RESPONSE:  Defendant denies that it "held" or sponsored a retirement party for Gary Kiel, but admits that members of IBEW Local 1 rented out the IBEW union hall on Elizabeth Avenue in the City of St. Louis for such a party. Defendant denies that the party was held in May 2022, but admits it was held June 2, 2022.  Defendant is without sufficient information to admit or deny the allegations about Michael Cleveland's conduct or Plaintiff's reaction or whether the foregoing was witnessed by a journeyman named "Mark;" and therefore Defendant denies these allegations.  Defendant admits that Plaintiff did not report the incident that evening.

**17.     Over the next couple of weeks, what happened kept eating away at me in part because of a conversation I had with Dayna Susek. I had gone to talk with her for advice about what had happened at the retirement party. Susek said she was hoping you wouldn't say that name. I decided I had to report it to the IBEW local so it could be addressed because Susek told me that family was known for that behavior.  I went to Mike Newton, who is the Business Agent for Defendant, and reported the incident.**

RESPONSE:  Defendant admits that Plaintiff made a report about the alleged incident to Mike Newton, who is a Business Agent for Defendant.  Defendant is without sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies the same.

6

**18.**     **Newton urged me to file a report with the police department. Newton did not urge me to file charges internally with the IBEW. Newton, who is one of the highest ranking local leaders of the IBEW, specifically told me there was "not much the local" could do if I filed a charge with the IBEW. I did not file a report with the St. Louis Metropolitan Police Department as I feared retaliation and backlash from my fellow members.**

RESPONSE:  Defendant admits that Mike Newton urged Plaintiff to file a report with the police department.  Defendant admits that Newton did not urge Plaintiff to file internal charges with the IBEW.  Defendant admits that Newton told Plaintiff he was unsure what the local could do if she filed a charge with the IBEW, and further states that Newton told Plaintiff that it was likely something for which the police were better suited.  Defendant is without sufficient information to admit or deny whether Plaintiff filed a police report, and if not, the reason she did not, and therefore denies the same.

**19.**     **Newton later told me that he spoke with Cleveland and that Cleveland denied hugging and kissing me. Newton told me Cleveland asked Newton if he should apologize to me. Newton told Cleveland to just leave it alone. After that conversation with Newton, he never spoke with me again about the complaint I made.**

RESPONSE:  Defendant admits that Mike Newton spoke with Cleveland about the Complaint.  Defendant denies that Cleveland denied hugging and kissing Plaintiff. Defendant denies that Newton told Plaintiff that Cleveland asked whether he should apologize to Plaintiff. Defendant further states that Newton never divulged Plaintiff's identity to Cleveland, so Cleveland could not have asked whether he should apologize to Plaintiff. Defendant admits Newton told Cleveland something similar to "just leave it alone," and clarifies that this was in

7

reference to Cleveland's questions about the complainant's identity and whether he should apologize to the complainant. Defendant admits that Newton has not spoken with Plaintiff since Newton asked Plaintiff for a copy of an alleged restraining order against Jon Hendrix around this time.

**20.     Plaintiff participated in activities sponsored by Defendant through volunteering in the RENEW committee of Defendant that focuses on community service events and relief efforts and the Electrical Workers Minority Caucus ("EWMC") Chapter of Defendant.**

RESPONSE:  Defendant admits that Plaintiff participated in RENEW and EWMC. Defendant admits that RENEW is a committee organized by Defendant. Defendant denies that the EWMC is a "chapter" of Defendant. Defendant further clarifies that EWMC is an organization separate from IBEW and IBEW locals, which consists of IBEW members and advocates for diversity and inclusiveness within the IBEW.[1]

**21.     On January 11, 2023, Plaintiff attended an EWMC conference in Denver, Colorado.  Plaintiff's transportation and hotel expenses were paid for by Defendant. Plaintiff attended the conference with several other IBEW Local 1 union members.**

RESPONSE:  Defendant admits that Plaintiff attended an EWMC conference in Denver in January 2023.  Defendant admits that it paid the expenses for Plaintiff and several other IBEW union members to attend the conference.

**22.     Sylvester Taylor, Defendant IBEW Local 1 Officer and a leader in the EWMC Chapter in St. Louis, was the chaperone for the IBEW Local 1 delegation that attended the EWMC conference in Denver, Colorado.**

---

[1] *See* EWMC History, https://www.ibew-ewmc.com/?zone=/unionactive/view_article.cfm&HomeID=681099&page=Founding20Members. Defendant includes this reference to demonstrate that EWMC is an entity separate from IBEW and IBEW Local 1, and make no assertion as to the accuracy of its content.

8

RESPONSE:  Defendant admits that Sylvester Taylor was both an officer of Local 1 and, separately, a Member-at-Large of the EWMC. Defendant denies that Taylor was a "chaperone" for the Local 1 members that attended the EWMC conference.

**23.    While at the conference, Plaintiff visited the Higher Level Health Dispensary with other IBEW Local 1 members.  When Plaintiff exited the Higher Level Health Dispensary with other union members, Jon Hendrix, a fellow Electrical Apprentice, grabbed Plaintiff's right buttock as they walked out of the door. Hendrix immediately ran off.**

RESPONSE:  Defendant lacks sufficient information to admit or deny these allegations, and therefore denies the same.

**24.    Plaintiff ran after Hendrix and caught him. Plaintiff asked Hendrix, "Are we doing this?".**

RESPONSE:   Defendant lacks sufficient information to admit or deny these allegations, and therefore denies the same.

**25.    Hendrix responded, "You had it hanging out," while laughing.**

RESPONSE:  Defendant lacks sufficient information to admit or deny these allegations, and therefore denies the same.

**26.    Plaintiff was shocked. As this was the second time she had experienced inappropriate touching by a fellow union member, she suppressed her emotional reaction and walked away. She did not want to react for fear of being stereotyped without the proper context -- as she did not believe anyone saw Hendrix grab her without permission, which was offensive and unwelcome conduct.**

RESPONSE: Defendant lacks sufficient information to admit or deny these allegations, and therefore denies the same.

**27.    Tiffany Jones and Shondra Adams were with Plaintiff at the dispensary and were waiting for a ride share to come pick up the three of them and take them back to the hotel. When Plaintiff got in the ride, she told them what had just happened. Both told Plaintiff that she needed to address this directly with Hendrix so that it doesn't happen again. Plaintiff responded that she was too emotional to do so at the dinner that evening for the EWMC chapter.**

RESPONSE: Defendant lacks sufficient information to admit or deny these allegations, and therefore denies the same.

**28.    The following morning, on January 12, 2023, Plaintiff was at a continental breakfast with the EWMC chapter. Plaintiff told Hendrix in front of the group that what he did to her was an assault, and it wasn't right.**

RESPONSE: Defendant lacks sufficient information to admit or deny these allegations, and therefore denies the same.

**Count I**
**Title VII**
**Sexually Hostile Work Environment**
42 U.S.C. § 2000e-2(c)

**29.    The allegations contained in the foregoing paragraphs are hereby incorporated by reference.**

RESPONSE:  Defendant incorporates by reference its responses to the foregoing allegations.

**30.    At all relevant times, IBEW engaged in an unlawful employment practice as prohibited by Section 703(c)(1) of Title VII, 42 U.S.C. § 2000e-2(c) (1).**

RESPONSE:  Deny.

**31.    At all relevant times, Hendrix was an agent for IBEW.**

RESPONSE:  Deny.

**32.    IBEW subjected Plaintiff to a sexually hostile work environment.**

RESPONSE:  Deny.

**33.    The sexually abusive conduct described above was unwelcome to Plaintiff.**

RESPONSE:  Deny.

**34.    The sexually abusive conduct described above had the purpose or effect of unreasonably interfering with Plaintiff's work performance or creating an intimidating, hostile, or offensive working environment for Plaintiff.**

RESPONSE:  Deny.

**35.    The sexually abusive conduct described above was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment as this was the second time Plaintiff had experienced an inappropriate touching from an IBEW member, and it**

**caused Plaintiff to stop volunteering in the RENEW committee of Defendant that focuses on community service events and relief efforts and the EWMC Chapter of Defendant.**

RESPONSE:  Defendant denies that the sexually abusive conduct described above was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment. Defendant lacks sufficient information to admit or deny the remaining allegations, and therefore denies the same.

**36.    Prior to Hendrix's sexual harassment on Plaintiff on January 11, 2023, sexually inappropriate and abusive conduct toward women was known or should have been known to IBEW based on prior complaints of sexual harassment by members engaging in such conduct towards women.**

RESPONSE:  Deny.

**37.    IBEW failed to take appropriate steps to prevent Hendrix from engaging in sexually abusive or inappropriate conduct toward women.**

RESPONSE:  Deny.

**38.    IBEW failed to take appropriate steps to prevent Hendrix from creating a sexually hostile work environment for Plaintiff.**

RESPONSE:  Deny.

**39.    IBEW failed to take appropriate steps to remedy the sexually hostile work environment it imposed on Plaintiff.**

RESPONSE:  Deny.

**40.    The effect of the practices complained of in the paragraphs above has been to inflict emotional pain, suffering, and inconvenience upon Plaintiff and may have deprived her of financial and other benefits of her employment with Sachs Electric.**

RESPONSE:  Deny.

41. The unlawful employment practices complained of in the forgoing paragraphs were intentional.

RESPONSE:  Deny.

42. The unlawful employment practices complained of in the forgoing paragraphs were done with malice or reckless indifference to Plaintiff's federally protected rights.

RESPONSE:  Deny.

### Affirmative Defenses

1. Defendant denies each and every fact and/or conclusion of law not expressly and specifically admitted above.

2. Some or all of Plaintiff's claims against Defendant are barred by the statute of limitations and/or for failure to exhaust administrative remedies, because Plaintiff failed to file a charge with the Equal Employment Opportunity Commission or the Missouri Commission of Human Rights naming Defendant as a Charged Party within 180 days of conduct which Plaintiff alleges violated Title VII.

3. Plaintiff fails to state a claim in so far as she attributes conduct by Plaintiff's co-workers, fellow apprentices, fellow union members, or retired electrical workers to Defendant in the absence of an agency relationship between them and Defendant.

4. Plaintiff fails to state a claim against Defendant, because a union cannot be held liable for sexual harassment by a union member that occurs in a social setting outside of a union-sponsored event or union meeting or a unionized workplace.

5. **Plaintiff fails to state a claim, because as a matter of law, the incidents that Plaintiff alleges took place in May, 2022 and January, 2023 were not based on Plaintiff's sex, and/or they were not unwelcome.**

6. **Plaintiff fails to state a claim, because as a matter of law, the incidents that Plaintiff alleges took place in May, 2022 and January, 2023 did not have the purpose or effect of unreasonably interfering with Plaintiff's work performance or union membership, nor did they create an intimidating, hostile, or offensive working or union environment for Plaintiff.**

7. **Plaintiff fails to state a claim, because as a matter of law, the incidents that Plaintiff alleges took place in May, 2022 and January, 2023 were not severe or pervasive enough to impose respondeat superior liability on Defendant.**

8. **Plaintiff fails to state a claim, because as a matter of law, the incident that Plaintiff alleges took place in May, 2022 did not put Defendant on notice of a need to provide sexual harassment training to its entire membership.**

9. **Plaintiff fails to state a claim, because her allegations are insufficient to show that Defendant caused discrimination against or sexual harassment of Plaintiff because of her gender.**

10. **To the extent that Plaintiff does make out a claim of sexual harassment based on her coworker Jon Hendrix's conduct in January, 2023, their employer Sachs Electric is liable for such conduct rather than Defendant.**

11. **Plaintiff fails to state a claim, because Plaintiff did not suffer any adverse action with respect to her employment or her union membership.**

12. If Plaintiff suffered any damages, they were not proximately caused by Defendant, but were rather the result of acts or omissions of others, including but not limited to Mike Cleveland, Jon Hendrix, Sachs Electric, the Electrical Workers Minority Caucus, and/or Plaintiff herself.

13. Plaintiff failed to mitigate her damages.

14. Defendant acted reasonably, including by fairly investigating Plaintiff's allegations regarding the Gary Kiel retirement party and the January, 2023 EWMC Convention in Denver; notifying her of the results of such investigations; notifying Plaintiff of Defendant's willingness to exclude Jon Hendrix from any union meeting or function that Plaintiff planned to attend; encouraging the JATC to assign Jon Hendrix to an employer other than Sachs Electric; encouraging the JATC to grant Plaintiff a leave of absence from the Apprenticeship program; and referring Plaintiff to Defendant's benefit funds for short-term disability benefits.

15. Plaintiff's claims for punitive damages violate the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments in the Constitution of the United States or America, and Article I, Sections 10, 18A, Article I, 21, and 22A of the Missouri Constitution in that:

    a. The standards for determining the amount of punitive damages and/or subsequent imposition of punitive damages are vague, supply no notice to Defendants of the potential repercussions of their alleged conduct, can be awarded in differing amounts based on the affluence of the Defendants, are subject to the unbridled discretion of the jury, and can be imposed without a requisite showing of hatred, spite, ill will or wrongful motive, thereby denying due process and equal protection under and in violation of the Fifth

15

and Fourteenth Amendments of the U.S. Constitution and Article I, Section 10 of the Missouri Constitution;

b. Plaintiff's request for punitive damages or subsequent imposition of punitive damages is criminal in nature and the rights given a defendant in criminal proceedings under the Fifth (self-incrimination clause), Sixth (unanimous jury), Seventh (access to courts), Eighth (excessive fines), and Fourteen Amendments of the U.S. Constitution and Article I, Section 18A, 19, 21, and 22A of the Missouri Constitution.

16. Defendant reserves the right to amend its Answer to assert further affirmative defenses as may be warranted through further investigation and discovery.

    Respectfully submitted,

SCHUCHAT, COOK & WERNER

 /s/ *Brady L. Root*
Loretta K. Haggard (38737MO)
Brady L. Root (75740MO)
555 Washington Avenue, Suite 520
St. Louis, MO 63101
lkh@scwattorney.com
blr@scwattorney.com
Tel: (314) 621-2626
Fax: (314) 621-2378

*Attorneys for Defendant International Brotherhood of Electrical Workers, Local 1*

16

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Answer to Plaintiff's First Amended Complaint was filed electronically on May 13, 2024 which will result in all parties of record being served with copies through the ECF system.

/s/ *Brady L. Root*
Brady L. Root
